No. 25,907.

D. Schomerus, *Appellant,* v. C. T. Kirk, Thomas H. Bowlus, as Administrator of the Estate of J. L. Bedwell, Deceased, and Mary B. Bedwell, *Appellees.*

#### SYLLABUS BY THE COURT.

Reformation of Instruments—*Oil and Gas Lease—Evidence.* In an action to reform an assignment of an oil and gas lease and to establish and confirm plaintiff's title to an interest therein, the evidence is examined and held to sustain the trial court's finding that plaintiff had no interest in the lease in question.

Appeal from Woodson district court; Hugh Means, judge *pro tem.* Opinion filed July 11, 1925. Affirmed.

*Frank R. Forrest,* of Iola, and *S. C. Holmes,* of Yates Center, for the appellant.

*G. R. Gard* and *F. J. Oyler,* both of Iola, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action to reform an assignment of an oil and gas lease and to establish and confirm plaintiff's title to an undivided one-seventh interest therein. The plaintiff contended that he, the defendants, and other named persons, by a parol agreement, associated themselves together for the purpose of buying, selling or developing oil and gas leases, each to contribute his part of the expense and to receive his share of the profits; that in pursuance of such agreement defendants procured an assignment of a specified oil and gas lease, which proved to be of value; that defendants had not shared the profits with plaintiff, but denied his right thereto. The case was tried to the court, who made findings of fact as follows:

"That the plaintiff, as alleged in the amended petition, and several other parties therein named, did at one time enter into a joint venture for the development of oil and gas leases in Wilson county, Kansas, wherein and whereby it was agreed that each party should be interested, share and share alike, and participate in the profits, if any, and each pay equal portion of expenses incurred therein; that said joint venture should include not only development of leases, but buying and selling of same; that there was no written conditions underlying the joint venture except mutual understanding of all parties concerned; the court further finds that the relationship existing in Wilson county

Reformation of Instruments, 34 Cyc. p. 986.

Schomerus v. Kirk.

was transferred to Woodson county, and some developments and negotiations had in Woodson county, but the court, after giving due consideration to all evidence and facts in the cause, does not find that the partnership or joint venture relation existed in the dealings of the south half of section 31, township 23, range 14, Woodson county, Kansas, as alleged in plaintiff's amended petition; the court finds that there were some dealings in Woodson county of joint venture in character, but not sufficient to satisfy the mind of the court that the relationship continued in negotiation of lands mentioned in plaintiff's amended petition."

Judgment was rendered for defendants. Plaintiff has appealed and contends that there was no evidence to justify the finding of the court, that the joint venture of the parties did not include the dealings in the specified lease in Woodson county. It will not be necessary to set out the evidence. We have examined it carefully. The positive testimony of the defendant Kirk was that this particular lease was not included in the properties handled by the group, which included plaintiff, and plaintiff's evidence as to what properties were handled by the group to which he belonged was controverted in many particulars by other persons composing the group; hence there is evidence to justify the court's finding. Naturally, if the court was correct in that finding, the judgment was properly rendered for defendants. It is the province of the trial court to determine questions of fact.

The judgment of the court below is affirmed.